Ashburn, J.,
dissenting. What is the question to be reviewed ? As shown in the bill of exceptions it is presented, in this way, “ that long prior to the commencement of these-proceedings, and without any knowledge that such proceedings would be commenced, they caused their tract of land in Dockland, of which the land sought to be appropriated, by said company is a part, to be subdivided and.laid off into-lots, streets, and alleys, for the purpose of selling the same;, and caused a plat of said subdivision to be made for record,, but which had not yet been recorded, and offered to put said plat in evidence to the jury as tending to show the availability of said property for subdivision into small lots, and its value thus subdivided. Whereupon the court ruled that “ said plat could be offered only to show the location of' the property and the course of said railroad through the-same, and its availability for subdivision into small lots, but could not be offered for any other purpose, because the-same had not been recorded,” to which opinion and ruling-of the court the defendants excepted.
The question is simply: Did the probate court err in holding that the unrecorded land plat was not competent evidence as tending to prove the value of land in the ease-pending before the court? The plat of subdivision proposed to be offered in evidence was neither a statutory nor *114 .a common law dedication. It was not a town plat because not recorded, and hence was impressed with none of the ¡legal characteristics making it evidence as a town plat.
The paper excluded is not before us in the bill of exceptions. I assume, as I think I am warranted in doing, that the paper had no higher character than a private subdivision of the owner’s lands, and, as such, was of no higher ■character as evideuce than a private survey or division of land into small parcels would be.
It was proposed' to put this memoranda of a town plat in evidence, for two purposes, and no other — 1. “As tending to show the availability'of said property for subdivision into small lots.” For this purpose it was admitted. -2. To ¡show “ its value thus subdivided.” For this rejected, and I think properly rejected. The subdivisions were not then ■town lots, and, so far as we know, not town lots now. That the party had had the land divided in the form of town lots gave the subdivisions no intrinsic value as town lots; it was a mere private survey that might or might not, at the option of the owner, acquire the dignity of town lots. The question before the jury was the injury the land would sustain by reason of tracing the lands with the railroad track. It was cutting the land as divided into small parcels of land, and not as town lots.
My reason for thinking the probate court ruled correctly in excluding the paper as tending to show the value of the land, is twofold — 1. The paper proposed to be offered was not of a character that made it evidence; it was a private paper. 2. Its introduction as an unrecorded town plat, as fending to show the value of lots, would have had a strong tendency to give these subdivided lands a fictitious value, to the prejudice of the plaintiff in error.